UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:25-CR-9 |
| v. ) | |
| ) | JUDGE CORKER |
| THOMAS WAYNE FRESHOUR ) | |

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, THOMAS WAYNE FRESHOUR, and the defendant's attorney, Marsha M. Arnurius, have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the indictment:

    a) Count One. Possession with the intent to distribute fifty (50) or more grams of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

    The punishment for this offense is as follows. A minimum mandatory 10 years up to life imprisonment, a maximum fine of $10,000,000.00, a minimum of 5 years up to life on supervised release, and a $100 mandatory assessment fee.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. Specifically, the elements of the offense(s) are as follows: 1) The defendant knowingly or intentionally possessed a methamphetamine; 2) the substance was in fact methamphetamine; 3) the defendant intended to

distribute the methamphetamine; and 4) the weight of the methamphetamine was 50 grams or more of actual methamphetamine.

4.    In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a)    On November 26, 2024, a deputy with the Greene County Sheriff's Office conducted a traffic stop on the vehicle driven by the defendant for operating an off-road light bar on the highway, in violation of state law. The defendant was the sole occupant of the vehicle. Upon making contact with the defendant, the deputy detected the smell marijuana coming from the vehicle. A records check showed the defendant had an active arrest warrant for a violation of probation. After the defendant exited the vehicle, he said he had marijuana in his pocket. When asked if there was anything else illegal in the vehicle, the defendant answered, "a lot." When asked to elaborate the defendant stated that there was a pound of methamphetamine in the vehicle and 20 fentanyl pills. Around this time, a drug detecting K-9 arrived on scene and positively alerted to the vehicle.

b)    A search of the vehicle was then conducted which revealed just over one pound (494 grams) of methamphetamine in a black case. In the center console were baggies which contained approximately 20 pressed pills believed to be fentanyl and $225 in cash. In the driver's seat was another baggie containing a small amount of methamphetamine. Between the center console and the driver's seat was a Walther .22 caliber pistol (S/N: N076971) and in the passenger seat was a loaded Glock 19 9mm pistol (S/N: AGKF994). On the folded-down backseat was a Savage .22 caliber rifle

2

(S/N: 1964509) and a Citadel model Boss 25 12-gauge shotgun (S/N: 20524US3174). Approximately 150 rounds of ammunition were also discovered.

    c) Following *Miranda* warnings, the defendant agreed to speak with agents. He said the methamphetamine was fronted to him by a white male in Kingsport who is in turn supplied by a black male. The defendant said he did not know the names of either individual. He said he had been selling methamphetamine for two months. The defendant claimed he did not know what the fentanyl pills were but that they were also fronted by the same white male in Kingsport. He was told to charge $20-$25 per pill and had one week to repay.

    d) The defendant now admits that he possessed fifty grams or more of actual methamphetamine with the intent to distribute it.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a particular provision of the Sentencing Guidelines, policy statement, or sentencing factor, namely a 2-level enhancement for possessing a firearm under §2D1.1(b)(1) does apply to the defendant's sentence. The parties further agree that the defendant should be held responsible for between 150 and 500 grams of actual methamphetamine. In the event the Court declines to accept these agreements, either party will be free to withdraw from the plea agreement.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant

4

agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for

6

any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON, III

7

Case 2:25-cr-00009-DCLC-CRW    Document 12    Filed 04/16/25    Page 7 of 8    PageID #: 35

|  |  | UNITED STATES ATTORNEY |
|---|---|---|
| 4/16/25 <br> Date | By: | *signature* <br> ANDREW C. PARKER <br> Assistant United States Attorney |
| 4-15-25 <br> Date | | *signature* <br> THOMAS WAYNE FRESHOUR <br> Defendant |
| 4-15-25 <br> Date | | *signature* <br> MARSHA M. ARNURIUS <br> Attorney for the Defendant |

8